# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| FRANK LILL & SON, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:10CV587 |
| | ) |
| CARTER & BURGESS, INC., | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the motion to dismiss Plaintiff's amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Carter & Burgess, Inc. ("Carter & Burgess"). (Docket No. 12.) This motion has been fully briefed. For the reasons stated herein, the Court concludes that Defendant's motion should be denied.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

This is a tort action brought by Plaintiff Frank Lill & Son, Inc. ("Lill & Son"), the general contractor of a project to construct a power plant on the University of North Carolina campus in Chapel Hill, North Carolina (the "UNC project"). Defendant Carter & Burgess, pursuant to a contract with UNC, provided UNC with professional services for design and construction administration in connection with the UNC project. (Docket No. 9, Amended Complaint ("Pl.'s Am. Compl."), at 3-5.) Plaintiff's first claim for relief is for negligence/breach of the common law duty of care, and its second claim for relief is for

negligent misrepresentation. (*Id*. at 6-14.) Both Carter & Burgess and Lill & Son entered into contracts with UNC in connection with the UNC project; however, there are no contracts directly between Carter & Burgess and Lill & Son. (Docket No. 13, Def.'s Mem. in Supp. of Mot. to Dismiss, at 2; Docket No. 19, Pl's Mem. in Opp'n to Def.'s Mot. to Dismiss Am. Compl., at 2.)

Defendant argues that both of Plaintiff's claims for relief should be dismissed. As to Plaintiff's negligence claim, Defendant contends that it did not owe Plaintiff a common law or contractual duty and that Plaintiff has not alleged such duties. (Docket No. 13 at 6-9.) With regard to Plaintiff's negligent misrepresentation claim, Defendant argues that Plaintiff has failed to sufficiently identify the statements alleged to have been misleading, failed to allege justifiable reliance on any such representations, and failed to plead with particularity the facts supporting this claim. (*Id*. at 9-13.)

## DISCUSSION

**A.** **Standard**

A plaintiff fails to state a claim on which relief may be granted under Fed. R. Civ. P. 12(b)(6) when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

**B.      Plaintiff's negligence claim**

Plaintiff's first claim for relief is designated as "Negligence/Breach of Common Law Duty of Care." (Pl.'s Am. Compl. at 6.) In setting out this claim, Plaintiff reviews several requirements contained in the design contract between UNC and Defendant Carter & Burgess. (*Id*. ¶¶ 30, 31, 33.) Based on these paragraphs, Defendant argues that the duties relied upon by Plaintiff are based on the contract rather than common law. (Docket No. 13 at 6-8.) Defendant then contends that certain contract provisions assign to Plaintiff the responsibility to perform the very duties that Plaintiff contends Defendant performed in a negligent manner. (*Id*. at 8-9.)

Upon review, the Court finds Defendant's attempt to read out of Plaintiff's amended complaint any allegation of common law duties owed to Plaintiff by Defendant should be rejected. Plaintiff designates its first claim as one based upon negligence and the common law duty of care. (Pl.'s Am. Compl. at 6.) The claim sets out how Defendant allegedly failed to "exercise reasonable and ordinary care" in preparing the design, plans, drawings, and specifications of the UNC project as well as in administering construction of the project. (*Id*. at 8.) Plaintiff cites several ways in which Defendant allegedly breached common-law duties owed to Plaintiff. (*Id*. at 9-10.)

Multiple cases from North Carolina courts and this Court have accepted the proposition that a design professional such as an architect or project expediter may be held liable to a general contractor for economic loss resulting from breach of a common law duty of care, even in the absence of privity of contract. *See Ellis-Don Constr., Inc. v. HKS, Inc.*, 353 F. Supp. 2d 603, 606-07 (M.D.N.C. 2004) (against design team); *Pompano Masonry Corp. v. HDR Architecture, Inc.*, 165 N.C. App. 401, 598 S.E.2d 608 (2004) (against project expediter); *Shoffner Indus., Inc. v. W.B. Lloyd Constr. Co.*, 42 N.C. App. 259, 257 S.E.2d 50 (1979) (against architect); *Davidson & Jones, Inc. v. Cnty. of New Hanover*, 41 N.C. App. 661, 255 S.E.2d 580 (1979) (against architect). Defendant argues in its reply brief that the relevant North Carolina decisions employ a six-factor balancing test to determine whether contractors may recover purely economic losses from architects. (Docket No. 20, Def.'s Reply Mem. in Supp. of Mot. to Dismiss, at 3.) However, a close reading of the above-cited cases fails to reveal any such specific test, or to show why Plaintiff's claim in this case must fail as a matter of law. These cases lend support to Plaintiff's legal claim against Defendant. Therefore, Plaintiff's first claim for relief should not be dismissed.

C. **Plaintiff's claim of negligent misrepresentation**

Carter & Burgess argues that Rule 9(b) and its heightened pleading standard apply to Plaintiff's claim of negligent misrepresentation. The Fourth Circuit found in an unpublished decision that under Maryland law a claim of negligent misrepresentation was *not* subject to Rule 9(b)'s pleading requirement. *Baltimore Cnty. v. Cigna Healthcare*, 238 Fed. App'x

914, 921 (4th Cir. 2007) ("[A] claim of negligent misrepresentation under Maryland law does not contain an essential showing of fraud and thus the heightened pleading requirements of Rule 9(b) do not apply."). North Carolina and Maryland law are similar in that neither requires a showing of fraud to make out a claim for negligent misrepresentation. *Higgins v. Spence & Spence, P.A.*, No. 5:07-CV-33-D, 2008 WL 506187, at *4 (E.D.N.C. Feb. 21, 2008) ("[F]raud is not an element of a claim of negligent misrepresentation.") (citing *Raritan River Steel Co. v. Cherry, Bekaert & Holland*, 322 N.C. 200, 206, 367 S.E.2d 609, 612 (1988)). A federal court in this state has followed *Baltimore County* in concluding that Rule 9(b) does not apply to a claim of negligent misrepresentation under North Carolina law. *See Higgins*, 2008 WL 506187. Because North Carolina law applies in this action, Rule 9(b) does not provide the pleading standard for Plaintiff's claim of negligent misrepresentation.

Defendant also argues that Plaintiff's claim is defective for inadequately alleging facts showing any misrepresentation. (Docket No. 13 at 10; Docket No. 20 at 4.) To survive Defendant's motion, Plaintiff must allege facts supporting this claim which allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. Plaintiff alleges that Defendant negligently misrepresented the true nature of the UNC project by producing negligent, faulty and otherwise defective plans and specifications. (Pl.'s Am. Compl. ¶ 55.) These misrepresentations allegedly caused Plaintiff to perform substantial amounts of work not originally contemplated or otherwise required by the project and delayed the completion of the project. (*Id*. ¶¶ 56-57.) In particular,

Plaintiff alleges that Defendant specified a brand and model of boiler for the project that was not compatible with other portions of the project. (*Id*. ¶ 43(b).) These allegations sufficiently identify the alleged misrepresentations and allow this Court to draw the reasonable inference that Defendant may be liable for negligent misrepresentation. *See Raritan River Steel Co.*, 322 N.C. 204-06, 367 S.E.2d at 612 (setting out elements of negligent misrepresentation claim).

Finally, Defendant argues that Plaintiff has not sufficiently pled justifiable reliance. (Docket No. 13 at 10-12.) Plaintiff's amended complaint alleges that it justifiably relied on the information provided by Defendant. (Pl.'s Am. Compl. ¶ 54.) Defendant cites several provisions of the contract between Plaintiff and UNC. Defendant then argues that as it construes these provisions, it would be unreasonable as a matter of law for Plaintiff to have relied on any of the representations – the plans, drawings, and specifications for the project – provided by Defendant. (Docket No. 13 at 11-12; Docket No. 20 at 5.) Plaintiff disagrees with Defendant's construction of these contract provisions. (*See* Docket No. 19 at 7.) The questions raised by these provisions are at least partially factual in nature because evidence of the importance and meaning of such provisions in the construction industry would inform the Court's decision on them. They are therefore questions more appropriate for the summary judgment stage of the case rather than for this motion to dismiss. Plaintiff has pled sufficient facts to allow this Court to draw a reasonable inference that it justifiably relied on

the plans, specifications, drawings, and other representations provided by Defendant during the construction of the UNC project. *See Iqbal*, 129 S. Ct. at 1949.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Docket No. 12) be denied. The Clerk shall now set the matter on for an initial pretrial conference.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: October 6, 2011